**D. W. SMALL & SONS, INC.**

v.

**Virgil Don MAHONEY d/b/a Don's Garage.**

Supreme Judicial Court of Maine.

May 10, 1979.

Hale & Hamlin by Dale L. Worthen, Ellsworth (orally), for plaintiff.

Markos & Roy, Peter R. Roy, Ellsworth (orally), for defendant.

Before McKUSICK, C. J., and POMEROY, WERNICK, ARCHIBALD, GODFREY and NICHOLS, JJ.

MEMORANDUM OF DECISION.

Defendant appeals from a judgment entered on a jury's verdict awarding plaintiff $4,202.20 found to be due on an open credit account for petroleum products, tires, batteries, and automobile accessory goods purchased by defendant from plaintiff's assignor. On appeal defendant argues that the presiding justice erred in admitting in evidence an affidavit to which was appended an "account annexed" and in denying his motions for a directed verdict and for judgment n. o. v. We find no error in the judgment below. Plaintiff sued on an

account annexed pursuant to 16 M.R.S.A. § 355. The account annexed consisted of photocopies of certain ledger sheets maintained by plaintiff's assignor. At the close of testimony by witnesses presented by both parties, the presiding justice instructed the jury to disregard the affidavit that had accompanied the account annexed.[1] The ledger sheets themselves, together with the detailed debit and credit slips or invoices identified by number and amount on the ledger sheets, were, however, admitted in evidence and considered by the jury. The ledger sheets qualified as entries in an account made in the regular course of business and before the beginning of this proceeding; there is nothing to suggest the entries were not made in good faith. Thus, the ledger sheets were properly admissible as business accounts under 16 M.R.S.A. § 356 (1964), as well as under Rule 803(6), M.R.Evid. *See* Field & Murray, *Maine Evidence* § 803.6 (1976). These accounts with the other evidence of record amply support the jury's verdict.

Accordingly, the entry is:

Appeal denied.

Judgment affirmed.

DELAHANTY, J., did not sit.

---

1. Since plaintiff took no cross-appeal, we have no occasion to rule whether the presiding justice was correct in effectively excluding the affidavit from evidence.